IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIS P. LEWIS | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-14-2041 |
| WARDEN S. FISHER | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

The above-captioned petition for writ of habeas corpus was filed, together with a motion to proceed in forma pauperis, on June 24, 2014. Because he appears to be indigent, petitioner's motion will be granted.

Petitioner alleges he is improperly detained in prison following the revocation of his parole by the Maryland Parole Commission. ECF 1. He states that in November of 2006, he was sentenced to serve seven years and was released on parole in 2008. *Id.* at p. 6. At the time of his release the maximum expiration date of his seven year term was in November of 2013. In 2011, petitioner violated his parole and the parole commissioner rescinded all of his street time credit, which changed his maximum expiration date to September 5, 2015. *Id.* He concludes this violates due process because "the only person under the law who can change your time is a judge." *Id.*

Petitioner indicates he has not presented this claim to the state courts for consideration. ECF 1 at pp. 3 – 5. Before this court may consider claims raised by state prisoners concerning the legality of their confinement to prison, the claims must be presented to the state courts for review. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration

of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment).

Both the operative facts and the controlling legal principles of this claim must be fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Accordingly, the petition shall be dismissed without prejudice by separate order and a certificate of appealability shall not issue[1].

July 9, 2014
Date

James K. Bredar
United States District Judge

---

[1] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).